UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:20-cv-23917

JOSE DA COSTA GOMEZ,

    *Plaintiff*,

v.

NATHAN SERPHOS,

    *Defendant*.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Jose Da Costa Gomez ("Da Costa Gomez") sues Defendant, Nathan Serphos ("Serphos"), and states:

**JURISDICTION, VENUE, AND PARTIES**

    1.    This is an action in which the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

    2.    Plaintiff Jose Da Costa Gomez is a United States permanent resident who resides in Miami-Dade County, Florida.

    3.    Defendant Nathan Serphos is a New York citizen. Mr. Serphos also maintains a non-homestead residence in Miami Beach, Florida and is known to spend several months per year in Florida.

    4.    Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and under Fla. Stat. § 48.193 because (1) many of the circumstances giving rise to this controversy occurred in Florida, (2) Serphos purposefully availed himself of the privilege of acting in Florida, (3) the causes of action originate from Serphos's actions in Florida, and (4) the consequences caused by Serphos's actions occurred in Florida.

    5.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this District, because a substantial part of the events or omissions giving rise to the claims occurred in Miami-Dade County, Florida.

**THE RELATIONSHIP BETWEEN
DA COSTA GOMEZ AND SERPHOS**

    6.    Da Costa Gomez and Serphos have known each other for decades.

7. Da Costa Gomez and Serphos are both art collectors and over the years they have often collaborated in the identification and purchase of artwork, typically with Da Costa Gomez providing the funds for the purchase of the artwork with Serphos sometimes being given opportunities to reimburse Da Costa Gomez and take ownership of pieces or to purchase pieces from Da Costa Gomez over time.

## SERPHOS'S FLORIDA CONTACTS

8. Although he maintains his principal residence in New York, Serphos owns a condominium in Miami Beach, Florida where he spends several months each year.

9. Serphos conducts business in Florida, including the buying and selling of artwork and acting as a broker for art transactions for commissions.

10. Serphos typically accompanies Da Costa Gomez and/or his family members to the Art Basel art fair in Miami-Dade County, Florida every winter.

11. Serphos attends events hosted by art galleries, artists, or sponsors in South Florida and frequently invites Da Costa Gomez or his family members to those events.

12. These have included events with the artist Kehinde Wiley.

13. When acquiring artwork with or on behalf of Da Costa Gomez, Serphos has listed Da Costa Gomez's Miami, Florida residence as his own address.

14. While in Florida, Serphos has solicited Da Costa Gomez to provide funding for the acquisition of numerous pieces of artwork, including encouraging Da Costa Gomez to purchase paintings by Kehinde Wiley.

## PURCHASE OF KEHINDE WILEY PAINTINGS

15. Between 2012 and 2014, Da Costa Gomez and Serphos worked together to acquire three paintings by Kehinde Wiley: *Untitled*, *Ena Johnson*, and *The Sisters Zenaide and Charlotte Bonaparte*.

16. Wiley was a highly regarded artist at the time but his fame and international prominence have increased since then, in part due to his having painted President Barack Obama's portrait for the National Portrait Gallery.

17. Wiley's paintings are quite valuable and regularly sell for hundreds of thousands of dollars.

## ACQUISITION OF "UNTITLED"

18. In March of 2012, Da Costa Gomez and Serphos decided to acquire the Kehinde Wiley painting "*Untitled*" for a purchase price of $80,000.



*Untitled*

19. By agreement with Serphos, Da Costa Gomez caused $80,000 to be wired from a bank in Miami, Florida to Serphos on or about March 21, 2012 to fund the purchase of *Untitled*, after which Serphos took possession of *Untitled*.

20. The purchase of *Untitled* was funded exclusively by or on behalf of Da Costa Gomez.

21. At the time of purchase, Da Costa Gomez and Serphos understood that Serphos would have the option to acquire a 50% interest in *Untitled* by paying Da Costa Gomez 50% of the purchase price, i.e., $40,000.

22. Serphos never paid Da Costa Gomez the $40,000 necessary to acquire a 50% interest in *Untitled*.

23. Da Costa Gomez revoked Serphos's option to acquire a 50% interest in *Untitled*.

## Acquisition of "Ena Johnson"

24. In May of 2012, Da Costa Gomez and Serphos decided to acquire the Kehinde Wiley painting "*Ena Johnson*" for a purchase price of $125,000.



*Ena Johnson*

25. By agreement with Serphos, Da Costa Gomez caused $125,000 to be wired from a bank in Miami to Serphos on or about May 25, 2012 to fund the purchase of *Ena Johnson*, after which Serphos took possession of *Ena Johnson*.

26. The purchase of *Ena Johnson* was funded exclusively by or on behalf of Da Costa Gomez.

27. Serphos never paid Da Costa Gomez any amount of money with respect to *Ena Johnson*.

28. Serphos has no ownership interest in *Ena Johnson*.

29. Upon information and belief, Serphos is currently in possession of *Ena Johnson*.

## ACQUISITION OF "THE SISTERS ZENAIDE AND CHARLOTTE BONAPARTE"

30. In September of 2014, Da Costa Gomez and Serphos decided to acquire the Kehinde Wiley painting "*The Sisters Zenaide and Charlotte Bonaparte*" for a purchase price of $100,000.



*The Sisters Zenaide and Charlotte Bonaparte*

31. By agreement with Serphos, Da Costa Gomez caused $100,000 to be wired from a bank in Miami to Serphos on or about May 25, 2012 to fund the purchase of *The Sisters Zenaide and Charlotte Bonaparte*, after which Serphos took possession of *The Sisters Zenaide and Charlotte Bonaparte*.

32. The purchase of *The Sisters Zenaide and Charlotte Bonaparte* was funded exclusively by or on behalf of Da Costa Gomez.

33. Serphos never paid Da Costa Gomez any amount of money with respect to *The Sisters Zenaide and Charlotte Bonaparte*.

34. Serphos has no ownership interest in *The Sisters Zenaide and Charlotte Bonaparte.*

35. Serphos has indicated that he is currently in possession of *The Sisters Zenaide and Charlotte Bonaparte*.

36. Despite not being the owner of the piece and having paid nothing for it, Serphos loaned the piece to the Brooklyn Museum in or around 2015 and promoted the piece as being from his personal collection.

**DA COSTA GOMEZ AND SERPHOS
DISCUSS THE PAINTINGS IN 2020**

37. During the summer of 2020, Da Costa Gomez contacted Serphos with respect to these three Kehinde Wiley paintings, which Da Costa Gomez understood to still be in Serphos's possession.

38. Serphos confirmed that he had possession of all three paintings.

39. Da Costa Gomez made a proposal to Serphos, offering to allow Serphos to purchase *The Sisters Zenaide and Charlotte Bonaparte* from him at the original 2014 purchase price of $100,000, notwithstanding that the value of the piece has increased significantly since that time.

40. Da Costa Gomez requested that Serphos send *Untitled* and *Ena Johnson*, both paid by Da Costa Gomez, to him in Miami.

41. Serphos refused, and although he had not paid for these pieces and had been allowed to retain and enjoy them for years, demanded to keep both *The Sisters Zenaide and Charlotte Bonaparte* and *Untitled*, offering only to provide "proper repayment," i.e., the initial purchase price paid over a period of time, for those pieces.

42. Da Costa Gomez rejected the proposal and again demanded the return of *Untitled* and *Ena Johnson*, once again repeating his offer to allow Serphos to acquire *The Sisters Zenaide and Charlotte Bonaparte* for the 2014 purchase price of $100,000.

43. Serphos again refused.

**SERPHOS CONCEALS HIS UNAUTHORIZED SALE OF "*UNTITLED*"**

44. On September 14, 2020—contrary to his prior representation that he still had possession of the piece—Serphos told Da Costa Gomez for the first time that he no

6

longer had *Untitled* in his possession and had in fact sold that piece in February of 2020 for $150,000.

45. Without telling Da Costa Gomez or requesting his consent to do so, Serphos sold *Untitled* despite not having ever paid for it and without having any ownership interest in the piece.

## SERPHOS REFUSES TO RETURN THE PAINTINGS AND PROCEEDS

46. On September 18, 2020, Da Costa Gomez demanded that Serphos send him (1) *Ena Johnson*; (2) *The Sisters Zenaide and Charlotte Bonaparte*; and (3) the $150,000 in sales proceeds Serphos claims to have received for his unauthorized sale of *Untitled*.

47. Serphos rejected the September 18, 2020 demand.

48. Da Costa Gomez has retained the undersigned firm to represent him in this matter and has agreed to pay customary Miami, Florida market rate fees for such legal services.

## COUNT 1

### Conversion of *Ena Johnson* and *The Sisters Charlotte and Zenaide Bonaparte*

49. Da Costa Gomez re-alleges Paragraphs 1 through 48.

50. Da Costa Gomez collectively paid $225,000, i.e., the full purchase price, for *Ena Johnson* and *The Sisters Charlotte and Zenaide Bonaparte*.

51. Serphos paid nothing toward the purchase of *Ena Johnson* and *The Sisters Charlotte and Zenaide Bonaparte*.

52. Serphos has no ownership interest in either *Ena Johnson* or *The Sisters Charlotte and Zenaide Bonaparte*.

53. Da Costa Gomez demanded the return of *Ena Johnson* and *The Sisters Charlotte and Zenaide Bonaparte*.

54. Serphos refused to return *Ena Johnson* and *The Sisters Charlotte and Zenaide Bonaparte*.

55. Serphos is wrongfully asserting dominion over *Ena Johnson* and *The Sisters Charlotte and Zenaide Bonaparte*.

56. Da Costa Gomez has suffered damage as a result.

## COUNT 2

### Conversion of Sales Proceeds from Sale of *Untitled*

57. Da Costa Gomez re-alleges Paragraphs 1 through 48.

58. Da Costa Gomez paid $80,000, i.e., the full purchase price, for *Untitled*.

59. Serphos has no ownership interest in *Untitled*.

60. Without informing Da Costa Gomez and without Da Costa Gomez's consent, Serphos sold *Untitled* in February 2020 for $150,000.

61. The $150,000 in proceeds from the sale of *Untitled* belong to Da Costa Gomez.

62. Serphos has possession or control over the $150,000 in proceeds from the sale of *Untitled*.

63. Da Costa Gomez demanded that the $150,000 in proceeds from the sale of *Untitled* be provided to him.

64. Serphos refused.

65. Da Costa Gomez has suffered damages as a result.

## COUNT 3

### Unjust Enrichment[1]

66. Da Costa Gomez re-alleges Paragraphs 1 through 48.

67. By fully funding the purchase of *Untitled, Ena Johnson,* and *The Sisters Zenaide and Charlotte Bonaparte* and allowing Serphos to maintain possession of the paintings since their purchase, Da Costa Gomez conferred a benefit on Serphos.

68. Serphos benefited from being allowed to maintain possession of the three paintings without paying anything for them.

69. Serphos continues to benefit by keeping *Ena Johnson* and *The Sisters Zenaide and Charlotte Bonaparte* despite Da Costa Gomez's demand for their return.

---

[1] Count 3 is being pled in the alternative to the extent there may be an inadequate remedy at law as to some of Defendant's misconduct. *See TracFone Wireless, Inc. v. Simply Wireless, Inc.*, 275 F. Supp. 3d 1332, 1335 (S.D. Fla. 2017) (Moreno, J.) (recognizing that multiple theories can be brought and pled in the alternative).

70. Serphos further benefited by secretly selling *Untitled* for $150,000 without Da Costa Gomez's authorization, concealing the sale, and refusing to provide the sales proceeds to Da Costa Gomez.

71. It would be inequitable for Serphos to retain these benefits without reimbursing Da Costa Gomez.

72. Serphos will be unjustly enriched if he is not required to send *Ena Johnson*, *The Sisters Zenaide and Charlotte Bonaparte*, and the $150,000 in proceeds from the sale of *Untitled* to Da Costa Gomez.

73. To the extent this claim is considered to be in equity, Da Costa Gomez suffered damages and is without an adequate remedy at law.[2]

## COUNT 4

### Violation of Florida Deceptive and Unfair Trade Practices Act – Fla. Stat. § 501.204

74. Da Costa Gomez re-alleges Paragraphs 1 through 48.

75. Serphos sold *Untitled* without informing Da Costa Gomez or receiving his consent.

76. Serphos then concealed the fact that he had sold *Untitled*, attempting to negotiate with Da Costa Gomez to keep *Untitled* for himself and representing to Da Costa Gomez that he was in possession of *Untitled* in August of 2020.

77. It was only after Da Costa Gomez demanded the return of the painting that Serphos admitted that he had secretly sold the painting in February of 2020 for $150,000, a $70,000 increase over the $80,000 purchase price paid by Da Costa Gomez.

78. Serphos now refuses to repay the $150,000 to Da Costa Gomez.

79. Serphos's conduct was deceptive and unfair.

80. Serphos's conduct caused harm to Da Costa Gomez.

81. Da Costa Gomez has suffered actual damages as a result, including (1) the loss of the *Untitled* painting, a unique work of art that was paid for by Da Costa Gomez and which Da Costa Gomez did not want to sell; and (2) the ongoing loss of the $150,000 sales proceeds which Serphos refuses to give to Da Costa Gomez.

---

[2] It is Da Costa Gomez's position that its unjust enrichment claim is a claim at law. *See Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689 (Fla. 3d DCA 2018).

# COUNT 5
## Replevin of *Ena Johnson* and *The Sisters Zenaide and Charlotte Bonaparte*

82. Da Costa Gomez re-alleges Paragraphs 1 through 48.

83. *Ena Johnson* and *The Sisters Zenaide and Charlotte Bonaparte* are unique paintings that were paid for in full by Da Costa Gomez and belong to Da Costa Gomez.

84. Serphos has control or possession over *Ena Johnson* and *The Sisters Zenaide and Charlotte Bonaparte*, and is wrongfully detaining them.

85. Da Costa Gomez demanded that the paintings be returned.

86. Serphos refused the demand.

87. Da Costa Gomez has suffered damage as a result.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Da Costa Gomez demands a trial by jury on all triable issues.

### PRAYER FOR RELIEF

Plaintiff Jose Da Costa Gomez, requests that this Court enter final judgment in his favor and against Defendant Nathan Serphos as follows:

    a. as to Counts 1, 2, and 4, awarding Da Costa Gomez money damages, (including incidental and consequential damages as to Counts 1 and 2), pre-judgment and post-judgment interest, attorneys' fees and costs, and such further relief as the Court deems appropriate;

    b. Alternatively as to Counts 1, 2, and 4, requiring Serphos to deliver *Ena Johnson*, *The Sisters Zenaide and Charlotte Bonaparte*, and the $150,000 in sales proceeds from *Untitled* to Da Costa Gomez;

    c. as to Count 3, awarding Da Costa Gomez money damages incurred as a result of Serphos's unjust enrichment, including pre-judgment and post-judgment interest, attorneys' fees and costs, and such further relief as the Court deems appropriate; and,

d. as to Count 5, issuing a writ of replevin in favor of Da Costa Gomez and against Serphos for *Ena Johnson* and *The Sisters Zenaide and Charlotte Bonaparte*, and awarding Da Costa Gomez his attorneys' fees and costs.

Dated: September 24, 2020

_____
Aaron S. Weiss (48813)
Email: aweiss@carltonfields.com
Charles Throckmorton (101203)
Email: cthrockmorton@carltonfields.com
Carlton Fields, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
Telephone: 305-530-0050